IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN WILEY,

    Petitioner,                                      Case No. 2:13-cv-99

  v.

EDWARD BANKS,                          JUDGE ALGENON L. MARBLEY
WARDEN,                                      Magistrate Judge Kemp

    Respondent.

REPORT AND RECOMMENDATION

      Petitioner, Shawn Wiley, a prisoner at the Noble Correctional Institution located in Caldwell, Ohio, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is now before the Court to consider the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and to rule on petitioner's motions to hold the case in abeyance and for the appointment of counsel. For the following reasons, the Court recommends that both motions be denied and that this case be **DISMISSED** based on the fact that the single claim raised in the petition has been procedurally defaulted.

I. PROCEDURAL HISTORY

      The procedural history of this case is taken from the petition and from the opinion of the Tenth District Court of Appeals which was filed on July 21, 2011. *See State v. Wiley*, 2011 WL 2905582 (Franklin Co. App. July 21, 2011). Additional history is also found on the website of the Franklin County Court of Common Pleas. *See* fcdcfcjs.co.franklin.oh.us/ CaseInformationOnline/. Petitioner and two co-defendants, Ronda Westmoreland and George Latham, were indicted on December 4, 2009, and charged with trafficking in drugs

with a major drug specification. Petitioner pleaded not guilty and the case went to trial. Ms. Westmoreland made a deal with the prosecutor and testified against him, as did a police officer who videotaped the drug transaction in question, a sale of 129 grams of crack cocaine. The jury found petitioner guilty and he was sentenced to a total of thirteen years in prison, plus five years of mandatory post-release control.

Petitioner appealed his conviction and raised four assignments of error: that the trial court erred in not granting a continuance (one had been requested because counsel learned of Ms. Westmoreland's cooperation only shortly before trial began), that improper testimony was permitted about petitioner's post-arrest silence, that Ms. Westmoreland's written statement was improperly withheld, and that trial counsel was ineffective for failing to object to irrelevant testimony about the videotape evidence and to the testimony about petitioner's post-arrest silence. In its July 21, 2011 decision, the state court of appeals overruled all four assignments of error and affirmed the conviction. Petitioner, proceeding *pro se*, filed a notice of appeal with the Ohio Supreme Court on December 16, 2011, which was construed as a motion for leave to filed a delayed appeal (the notice was untimely), and which was denied. *See State v. Wiley*, 131 Ohio St.3d 1436 (February 1, 2012).

On January 17, 2013, petitioner, again proceeding *pro se*, filed a motion for delayed reopening with the Tenth District Court of Appeals. His motion was not filed within 90 days of the state court's July 21, 2011 decision, as required by Ohio App.R. 26(B), but he explained that health and mobility issues prevented its earlier filing. In his motion, he argued that appellate counsel was ineffective for failing to challenge his conviction on grounds that it was against the manifest weight of the evidence and that it was not supported by sufficient evidence. The State of Ohio filed an opposing memorandum on February 13, 2013, raising the timeliness issue, and also argued that the motion lacked

2

merit. Petitioner has replied, and the motion remains pending as of this date.

## II. THE PETITION

The petition for a writ of habeas corpus, filed under 28 U.S.C. §2254, raises a single claim. In petitioner's words, *see* Petition, Doc. 3, the claims is:

> **GROUND ONE**: Petitioner was convicted against the manifest weight of the evidence and against the sufficiency of the evidence. Petitioner never possessed or offered to sell anyone any narcotics, nor was petitioner found to have been part of any investigation that would lead reasonable minds that he was a participant to any such action.

This claim was not presented to the Ohio courts as a stand-alone claim. Rather, it has been presented as part of the ineffective assistance of counsel claim in the Rule 26(B) motion that is still pending in the Tenth District Court of Appeals. Perhaps recognizing that, as more fully set forth below, the claim has been procedurally defaulted because it was not raised on direct appeal, petitioner has asked the Court to hold this case in abeyance pending the completion of the state court proceedings. The Court therefore addresses the stay issue first.

## III. THE MOTION TO STAY

There is clear case law regarding when a district court should stay a habeas corpus case in order to allow a petitioner to either institute, or complete, a state court proceeding that involves the same claims brought in the habeas petition. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan*, supra, at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed

to reduce").

> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See id., at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id*. at 277-78.

Petitioner bears the burden of demonstrating "that he had good cause for failing to exhaust his claims in state court, that his unexhausted claims were not plainly without merit, and

4

that he had not engaged in abusive litigation tactics or intentional delay." *Sueing v. Palmer*, 09-1671, 2012 WL 5290284, *3 (6th Cir. Oct. 26, 2012) (citing *Rhines*, 544 U.S. at 277–78).

Here, the proceeding pending in state court is an untimely motion to reopen the direct appeal. Petitioner does not explain, in his motion to stay filed in this Court, why he could not have filed the motion in a timely fashion. In his state court motion, petitioner asserts that he did not file the motion within ninety days of the state court of appeals' decision because of his "extremely poor health," citing to the fact that he is a wheelchair-bound diabetic who also has a learning disability. In response to that motion, the State has argued that he has not made a proper showing of good cause, and that in any event his motion is meritless. In support of that latter assertion, the State notes that at least one witness, Ronda Westmoreland, testified that she obtained the crack cocaine she was observed selling on the videotape directly from petitioner. As the court of appeals put it, "Westmoreland admitted to being involved in the drug sale at the clothing store. She said that after she took Allen's money, she went into the store to obtain crack cocaine from appellant, and she went back outside and gave Allen the drugs. In addition, she noted the part of the surveillance video where she obtained the drugs from appellant." *State v. Wiley, supra,* at *3.

This Court views it as extremely unlikely that the state court of appeals will either accept petitioner's untimely motion or that it will grant relief on his ineffective assistance of appellate counsel claim, at least as it relates to the only federal constitutional claim involved here, which is the insufficiency of the evidence. A claim that a conviction was obtained against the manifest weight of the evidence is purely a state law claim and cannot provide the basis for federal habeas corpus relief. *See Damen v. Moore,* 2007 WL 682195 (S.D. Ohio Feb. 28, 2007), *citing Walker v. Engle,* 703 F.2d 959, 969 (6th Cir. 1983). A claim that the evidence is constitutionally insufficient is based on an assertion that the proof

offered at trial, construed most favorably to the State, was not sufficient to allow a rational juror to find the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979). In that context, the reviewing court may not weigh the evidence or evaluate the credibility of any witness.

Here, given the fact that the testimony of Ronda Westmoreland, if believed, would be sufficient by itself to show that petitioner sold the narcotics in question, counsel could have made a reasonable decision not to advance a sufficiency of the evidence argument on appeal. Ohio courts have frequently denied such challenges to the sufficiency of the evidence even if the only evidence linking the defendant to drug dealing is the uncorroborated testimony of others who were also involved in narcotics trafficking and who had made deals with the State in exchange for their testimony. *See, e.g., State v. Petty,* 2000 WL 1257802 (Summit Co. App. Sept. 6, 2000); *see also State v. Brown*, 2003 WL 21054786, *6 (Trumbull Co. App. May 12, 2003)(noting that "[t]he credibility of the testimony offered by the witnesses was within the exclusive province of the trier of fact"). Counsel have no constitutional obligation to present every conceivable argument on appeal, but only those which have some reasonable chance of success. Further, appellate counsel also are granted wide latitude to press on appeal the strongest claims they have, and are not ineffective by failing to assert weaker claims in addition. *See, e.g., Joshua v. DeWitt,* 341, F.3d 430, 441 (6th Cir. 2003). It is therefore unlikely that the state court of appeals will, even if it excuses the untimely filing of petitioner's Rule 26(B) motion, grant him relief as to the claim that counsel was constitutionally ineffective for not pursuing a sufficiency of the evidence claim on direct appeal. Accordingly, it is not proper to stay these proceedings pending a ruling from the state courts on the 26(B) motion.

## IV. PROCEDURAL DEFAULT

If the case is not stayed, the Court is required to review the petition under Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts to determine if "it plainly appears from the petition ... that the petitioner is not entitled to relief ...." The Court concludes that to be the case based on the fact that the only federal constitutional claim asserted in the petition - that the conviction was not supported by sufficient evidence - has been procedurally defaulted.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982)( per curiam ); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*.

7

Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Here, petitioner has never presented the merits of his claim of insufficiency of the evidence to any Ohio court. His failure to raise the claim on direct appeal is a clear procedural default based on the rule in Ohio that error which appears on the face of the record must be raised on direct appeal or it is deemed to have been forfeited. If petitioner were to attempt to raise it by any other means, it would be barred by Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith,* 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims for relief constitute adequate and independent state grounds for denying relief. The requirement that all available claims be asserted in the first appellate proceeding serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

The Court concludes that petitioner has waived his right to present his sufficiency of the evidence claim for federal habeas corpus review. Petitioner can still secure review of his claim on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. The only cause for this procedural default would appear to be petitioner's claim of ineffective assistance of appellate counsel which he has raised and is currently litigating in his Rule 26(B) motion.

The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000), *citing Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). As discussed above, petitioner defaulted this claim as well by failing timely to file his motion to reopen under Ohio App.R. 26(B). The Court of Appeals for the Sixth Circuit has recognized that the timeliness rule in 26(B) is an adequate and independent state ground for relief. *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008). At this point, it is true that the Ohio Court of Appeals has not enforced that procedural rule, but the Court has concluded that it should not stay this case until the motion to reopen is decided, so the current posture of the case permits the Court to conclude that the default which occurred when petitioner missed the 90-day time limit for filing his motion to reopen has not been excused. That is, the untimely filing of a motion to reopen which is neither likely to be allowed on procedural grounds nor granted on the merits does not save this case from being dismissed for procedural default, and the Court may treat the case just as if such a motion had not been filed. To hold otherwise, and to delay a decision in this case pending the outcome of the pending state proceeding, would be contrary to the Court's analysis on the stay and abeyance issue. As it stands, therefore, petitioner both defaulted his sufficiency of the evidence claim and his claim that the default was caused

9

by ineffective assistance of appellate counsel. The Court notes that even were this claim not defaulted, petitioner would not be able to make a showing of prejudice in support of his ineffective assistance of counsel claim, because in light of the testimony of Ms. Westmoreland, any claim of constitutional insufficiency of the evidence (as opposed to the manifest weight of the evidence issue, which this Court, unlike the Ohio courts, may not consider) would lack merit, so that petitioner could not show that had the claim been raised on direct appeal, the outcome of his appeal would likely have been different. That is the standard for showing prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and a claim of ineffective assistance of counsel cannot be sustained without such a showing.

Beyond the four-part *Maupin* analysis, this court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). After review of the record, the Court does not deem this to be such a case. The state court of appeals recited evidence of petitioner's guilt, which was apparently enough to persuade a jury beyond a reasonable doubt that he was guilty, and he has offered no proof of innocence beyond his unsupported claim that he was not involved in the narcotics transaction in question. Denial of guilt is hardly an extraordinary event in a criminal case, and that bare denial is not enough to satisfy the exacting inquiry which is needed to excuse a procedural default. *Cf. Schlup v. Delo,* 513 U.S. 298, 324 (1995) (a finding of actual innocence requires the petitioner to present evidence which undermines the Court's confidence in the jury's finding of guilt). There is no such evidence here.

## V. RECOMMENDED DISPOSITION

For all these reasons, the Magistrate Judge **RECOMMENDS** that petitioner's

motion to stay (Doc. 4) be **DENIED** and that the petition be **DISMISSED**.  Given that recommendation, petitioner's motion for appointment of counsel (Doc. 5) is **DENIED**.

## VI.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge